SALTZ MONGELUZZI & BENDESKY PC
TRIAL LAWYERS

DELAWARE COUNTY OFFICE
20 WEST THIRD STREET
P.O. BOX 1670
MEDIA, PA 19063
VOICE 610.627.9777
FAX 610.627.9787

ONE LIBERTY PLACE, 52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
VOICE 215.496.8282
FAX 215.496.0999

NEW JERSEY OFFICE
8000 SAGEMORE DRIVE
SUITE 8303
MARLTON, NJ 08053
VOICE 856.751.8383
FAX 856.751.0868

MONTGOMERY COUNTY OFFICE
120 GIBRALTAR RD
SUITE 218
HORSHAM, PA 19044
VOICE 215.496.8282
FAX 215.496.4444

J. PETER VELOSKI
DIRECT DIAL 215-575-3996
PVELOSKI@SMBB.COM

October 21, 2026

Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: Patel, et. al. v. The City of New York, et al, 24-CV-07428-JAV

Dear Judge Vargas,

Undersigned counsel represents the Plaintiffs in the above-captioned, consolidated matters. The case is for a discovery status on Thursday, October 23, 2026, at 2:30 P.M. The parties have made substantial headway on discovery, with several depositions having taken place. In advance of our upcoming conference with the Court, the Plaintiffs would like to advise the Court of several discovery issues to be discussed at the upcoming conference:

1. **<u>Status of Depositions</u>**

Defendant City of New York has produced five NYPD officers who were co-workers with Officer Tran, whose depositions have now been completed. The Plaintiffs intend to take the depositions of three NYPD supervisors who were directly involved with the management and supervision of Officer Tran, (Sgt. Paula O'Connor, Lt. Connor McDonald and former deputy commissioner Tyrik Shepherd). Plaintiffs have also requested to take the depositions of three

individuals who were involved in the hiring of Defendant Officer Tran (Stacy Lamon, Ph.D., Michael White, M.A. and Inspector Caitlin Mahoney). Plaintiff will also request the deposition of a 30(b)(6) witness (or witnesses) to testify on behalf of the City of New York on certain topics to be identified. Counsel for the City of New York has objected to the taking of any more than ten depositions without a court Order. Pursuant to Rule 30(a)(2), Plaintiffs respectfully request leave of court to complete the depositions described above, with the understanding that additional discovery (as described below) may identify additional witnesses.

During the deposition of Sgt. Edwin Aguilar, Counsel for the City of New York instructed Sgt. Aguilar to not answer Plaintiffs' counsel's questions relating to "personal matters," specifically relating to the nature of his romantic relationship with Defendant, Officer Tran, notwithstanding the fact that the parties have already agreed to a confidentiality agreement to protect such information from public disclosure. Plaintiffs' Counsel believes it is inappropriate for Defendants' counsel to censor the witnesses' testimony as to relevant topics, such as the witness' prior experiences with Defendant Tran, the nature of their relationship, and the witness' knowledge of his struggles with alcoholism and his mental health. Moreover, the simple fact that Sgt. Aguilar's relationship with Officer Tran was romantic, does not relieve Sgt. Aguillar of his reporting requirements as a Sgt in the NYPD. On October 16, 2026, Plaintiffs' counsel requested a meet and confer with counsel for City of New York to resolve these issues, but anticipates that further Court intervention will be required. Plaintiffs' counsel respectfully requests that a

discovery conference with the Court be scheduled, prior to the next Status Conference, so that the specific issues relating to the deposition of Sgt. Edwin Aguilar may be addressed expediently.

**2. Status of NYPD Internal Affairs investigation into the "Wiped" work phone**

Plaintiff's counsel has requested an update on the status of the internal affairs investigation into the "wiped" work phone that was used by Defendant Officer Tran during the time leading up to the shooting. Plaintiffs have remained patient during this investigation, but are entitled to take discovery from the NYPD on issues related to the circumstances by which the phone's information was erased, despite an internal memo directing it to be preserved. Plaintiffs respectfully request that Counsel for the City of New York be prepared to discuss the progress of this investigation, along with an anticipated time for completion of the investigation at the upcoming status conference, so that discovery into these issues may proceed.

**3. Inspection of Command Logbooks**

Discovery has revealed that, more than a year prior to the shooting, Officer Tran began requesting to store his service weapon overnight at his command post, due to concerns of suicidal ideations, which was endorsed by his Supervisor at the time, Sgt. Paula O'Connor. This Procedure is detailed in the NYPD Administrative Guide, Section 330-11 ("Temporary Removal of Firearms in Non-Disciplinary Cases"), which states that a Command Logbook entry, "must be made for each tour the member elects to safeguard their firearm" (emphasis in original). This Section of the Administrative Guide also specifies additional instances where a Command Logbook notation must be made, as it pertains to any decision involving the removal of an Officer's firearm.

---

Plaintiffs' Counsel have requested a date for the inspection of the Command Logbooks from Officer Tran's two assignments (28th District and the Deputy Commissioner of Public Information "DCPI"). At time of filing, no dates have been offered. The City has objected to producing the log books for inspection, on the grounds that they may contain third-party information protected by NYS CPL 160.50. It is Plaintiff's position that the log books are subject to discovery as they contain information on Officer Tran that is relevant to this case, and any protected information is afforded sufficient protection by the parties Protective Order.

**4. <u>Authorizations for Release of Medical Records Issued to Officer Tran</u>**

Plaintiffs are awaiting an authorization signed by Defendant, Officer Tran, permitting the release of inpatient hospital records pertaining to Officer Tran's mental condition at the time he was hired by the NYPD. The authorization forms have been provided but signed copies have not yet been produced. Plaintiffs' Counsel respectfully requests the Court to issue an Order compelling Defendant Tran to sign and return the requested authorizations, to avoid further delays in discovery.

Undersigned Counsel look forward to addressing the above issues at the upcoming conference, as well as discussing any other aspects of this litigation the Court deems necessary and appropriate. Thank you for your consideration of the foregoing.

Respectfully Yours,

**SALTZ MONGELUZZI BENDESKY**

By: *__/s/ J. Peter Veloski________________*
J. PETER VELOSKI, ESQ. (admitted *pro hac vice*)
MARIANO CEPEDA, ESQ. (admitted *pro hac vice*)

1650 MARKET STREET, 52ND FLOOR
PHILADELPHIA, PA 19103
(215) 496-8282
Pveloski@smbb.com

**HELD & HINES, LLP**

By: __/s/ Philip M. Hines________________________
PHILIP M. HINES
4815 AVENUE N
BROOKLYN, NEW YORK 11234
P: (718) 531-9700
phines@heldhines.com

*Counsel for Plaintiff, Stephanie Hummel*

**MARRONE LAW FIRM, LLC**

By: __/s/_Joseph Marrone________________________
JOSEPH MARRONE, ESQ.
MICHAEL POMERANTS, ESQ. (admitted *pro hac vice*)
200 SOUTH BROAD ST.
PHILADELPHIA, PA 19102
(215) 732-6700
jmarrone@marronelaw.com

*Attorney for Plaintiff, Manjina Patel, as guardian of Kishan Patel, an incapacitated person*

October 20, 2026